**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00587-MDB

TYRELL ANDERSON,

Plaintiff

v.

KEYBANK NATIONAL ASSOCIATION,
WELLS FARGO BANK, CAPITAL ONE,
N.A., JEFFERSON CAPITAL SYSTEMS,
LLC, and ZIONS BANCORPORATION,
N.A., d/b/a VECTRA BANK,

*Defendants*.

---

ZIONS BANCORPORATION,
N.A., d/b/a VECTRA BANK,

Counterclaimant

v.

TYRELL ANDERSON,

Counter-Defendant.

---

**DEFENDANT / COUNTERCLAIMANT ZIONS BANCORPORATION, N.A. D/B/A
VECTRA BANK'S FIRST AMENDED ANSWER TO COMPLAINT AND JURY
DEMAND, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

---

Defendant / Counterclaimant Zions Bancorporation, N.A. d/b/a Vectra Bank ("Zions"),

through undersigned counsel, submits this First Amended Answer to Complaint and Jury Demand,

Affirmative Defenses, and Counterclaim ("Amended Answer and Counterclaim") pursuant to Fed.

R. Civ. P. 15(a)(1)(A) and Fed. R. Civ. P. 13(a), stating as follows:

## INTRODUCTION

1.      In response to Paragraph 1, Zions admits that Plaintiff purports to bring a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendants.   Zions lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

2.      In response to Paragraph 2, Zions admits the allegations, upon information and belief.

3.      In response to Paragraph 3, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

4.      In response to Paragraph 4, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

5.      In response to Paragraph 5, the law speaks for itself. Zions denies any allegations inconsistent with the law, and denies any remaining allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.      In response to Paragraph 6, Zions admits, upon information and belief, that this Court has subject matter jurisdiction over this dispute.

7.      In response to Paragraph 7, Zions admits, upon information and belief, that this Court has personal jurisdiction over Zions. Zions denies the remaining allegations in Paragraph 7.

8.      In response to Paragraph 8, Zions admits, upon information and belief, that venue is proper in this Court. Zions denies the remaining allegations in Paragraph 8.

## PARTIES

9.      In response to Paragraph 9, Zions admits the allegations, upon information and belief.

10.      In response to Paragraph 10, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

11. In response to Paragraph 11, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

12. In response to Paragraph 12, Zions admits the allegations.

13. In response to Paragraph 13, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

14. In response to Paragraph 14, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

## FACTS

**A. The FCRA dispute mechanism and Defendants' duties after CRA Notice:**

15. In response to Paragraph 15, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

16. The law referenced in Paragraph 16 speaks for itself. Zions denies the allegations if they are inconsistent with the Fair Credit Reporting Act ("FCRA").

17. To the extent any of the allegations in Paragraph 17 are directed to Zions, Zions denies the allegations. Zions lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

18. Zions denies the allegations in Paragraph 18.

**B. Plaintiff's adverse credit decisions and concrete injury:**

19. In response to Paragraph 19, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

20. In response to Paragraph 20, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

21. In response to Paragraph 21, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**C. Plaintiff disputed through CRAs with detailed notices (October 2025):**

22. In response to Paragraph 22, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

23. In response to Paragraph 23, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

24. In response to Paragraph 24, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**D. CRA notice to furnishers and alternative pleading:**

25. In response to Paragraph 25, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

26. In response to Paragraph 26, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

27. In response to Paragraph 27, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**E. The disputed tradelines and continuing derogatory reporting:**

28. In response to Paragraph 28, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**1. Capital One (acct 415417799522XXX)**

29. In response to Paragraph 29, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

30.    In response to Paragraph 30, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

31.    In response to Paragraph 31, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

### 2. KeyBank (accts 524924993092XXX and 9606180304XXXX)

32.    In response to Paragraph 32, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

33.    In response to Paragraph 33, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

34.    In response to Paragraph 34, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

### 3. Vectra (acct 1447000410XXXX)

35.    In response to Paragraph 35, Zions admits that Plaintiff disputed Zions's reporting for account 1447000410XXXX, but Zions denies any violations, liability, damages, or wrongdoing alleged. Except as specifically admitted, Zions denies the remaining allegations in Paragraph 35.

36.    In response to Paragraph 36, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

37.    In response to Paragraph 37, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

38.    Zions denies the allegations in Paragraph 38.

**4. Wells Fargo (acct 748748758819XXXX and Wells Fargo Card Services 446540014891\*\*\*\*)**

39. In response to Paragraph 39, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

40. In response to Paragraph 40, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

41. In response to Paragraph 41, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**5. Jefferson Capital (acct \*8826)**

42. In response to Paragraph 42, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

43. In response to Paragraph 43, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

44. In response to Paragraph 44, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**F. Causation and damage**

45. Zions denies the allegations in Paragraph 45.

46. Zions denies the allegations in Paragraph 46.

**<u>CAUSE OF ACTION</u>**

**<u>COUNT I</u>**

**VIOLATIONS OF THE FCRA, 15 U.S.C. §1681S-2(b) (AGAINST ALL DEFENDANTS)**

47. In response to Paragraph 47, Zions realleges and incorporates all responses set forth above as if set forth herein.

48. In response to Paragraph 48, Zions admits that it received Plaintiff's dispute regarding the account at issue from one or more CRA, but Zions denies any violations, liability, damages, or wrongdoing alleged. Except as specifically admitted, Zions denies the remaining allegations in Paragraph 48.

49. The law referenced in Paragraph 49 speaks for itself. Zions denies the allegations if they are inconsistent with the FCRA.

50. Denied as to the allegations against Zions. As to the remaining allegations in Paragraph 50 which are not directed at Zions, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

51. Denied as to the allegations against Zions. As to the remaining allegations in Paragraph 51 which are not directed at Zions, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

52. Denied as to the allegations against Zions. As to the remaining allegations in Paragraph 52 which are not directed at Zions, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

## <u>COUNT II</u>

### VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT, COLO. REV. STAT. § 6-1-101 et seq.

53. Zions realleges and incorporates all responses set forth above as if set forth herein.

54. Denied as to the allegations against Zions. As to the remaining allegations in Paragraph 54 which are not directed at Zions, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

55.     Denied as to the allegations against Zions. As to the remaining allegations in Paragraph 55 which are not directed at Zions, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

56.     Denied as to the allegations against Zions. As to the remaining allegations in Paragraph 56 which are not directed at Zions, Zions lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

57.     Zions denies the allegations in Paragraph 57.

58.     Zions denies the allegations in Paragraph 58.

## PRAYER FOR RELIEF

Zions denies that Plaintiff is entitled to any relief whatsoever from Zions, including but not limited to the relief that Plaintiff seeks in the "PRAYER FOR RELIEF" paragraph below paragraph 58 of the Complaint, including sub-paragraphs A through D.

Zions denies that Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

1.     As separate, alternative, and affirmative defenses to the Complaint, Zions alleges the following:

2.     The Complaint fails to state a claim against Zions upon which relief can be granted.

3.     Plaintiff has no private right of action against Zions for its initial furnishing of information to a credit reporting agency.

4.     Zions's duty to investigate a credit dispute is only triggered upon receiving a notice of dispute from the credit reporting agency.  15 U.S.C. § 1681s-2(b)(1).

5.      To the extent Zions received notification of Plaintiff's dispute, Zions's responses were timely, accurate, and complete.

6.      Zions's investigations were reasonable under the circumstances and conducted in good faith.

7.      Plaintiff's claims may be barred by the applicable statute of limitations and/or doctrine of laches.

8.      Plaintiff cannot establish any actual damages with reasonable certainty.

9.      Plaintiff's claim is barred in whole or in part because Plaintiff did not suffer any damages caused by an act or omission of Zions.

10.     Plaintiff lacks standing because he suffered no injury in fact.

11.     Plaintiff may have failed to mitigate his damages.

12.     Plaintiff's claims may be subject to an arbitration agreement, rights under which Zions expressly preserves.

13.     Plaintiff's demand for a jury trial is barred by a contractual agreement in which he waived his right to a trial by jury; Zions expressly preserves all rights under  such contractual agreement.

14.     Zions reserves all defenses under Fed. R. Civ. P. 8 and 12, and any additional defenses and avoidances that may be included in the credit agreement, or which may otherwise come to light through discovery or otherwise.

WHEREFORE, having fully defended, Zions Bancorporation, N.A. d/b/a Vectra Bank prays for the following relief:

A.   That Plaintiff's Complaint against Zions be dismissed with prejudice, and that Plaintiff take nothing thereby;

B.   That Zions be awarded its costs and attorneys' fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b), and otherwise as allowed by law, in defending this action; and

C.   For such other and further relief as the Court deems just and proper.

**DEFENDANT ZIONS'S COUNTERCLAIM**

Defendant / Counterclaimant Zions Bancorporation, N.A. d/b/a Vectra Bank ("Zions"), by and through undersigned counsel, for its Counterclaim against Plaintiff / Counter-Defendant Tyrell Anderson ("Anderson"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.   Zions is a national banking association, doing business in El Paso County, Colorado.

2.   On information and belief, Anderson is an individual residing in Colorado Springs, Colorado, which is in El Paso County, Colorado.

3.   Anderson initiated the above-captioned action by filing a Complaint against Zions and other defendants in El Paso County, Colorado. *See* ECF No. 1-1.

4.   The case was removed to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Anderson alleges claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against Zions and other defendants. *See* ECF No. 1.

5.   Accordingly, pursuant to 28 U.S.C. § 1441(a), venue is proper in this District, which embraces El Paso County, Colorado.

6.   As set forth more fully below, Zions's counterclaim against Anderson is so related to the claims brought by Anderson against Zions as to form the same case and controversy.

Accordingly, the Court has supplemental subject matter jurisdiction over Zions's counterclaim pursuant to 28 U.S.C. § 1367(a).

## GENERAL ALLEGATIONS

7.      Zions and Anderson entered into that certain Vectra Bank Colorado Signature Agreement and Disclosure (the "Agreement") on or about April 12, 2017. A true and correct copy of the Agreement is attached hereto as Exhibit 1 and is incorporated herein by reference.

8.      The Agreement governed Anderson's $15,000 line of credit account (the "LOC"), account beginning 1447000410XXX.[1] This LOC is the same account as at issue in Anderson's claims against Zions in the above-captioned action. As such, Zions's counterclaim for breach of the Agreement is a compulsory counterclaim under Fed. R. Civ. P. 13(a).

9.      Pursuant to the Agreement, Zions had the right to declare Anderson in default if, *inter alia*, he failed to make a minimum payment when due. *See* Ex. 1 at p. 4.

10.     Also pursuant to the Agreement, upon an uncured default, Zions had the right to terminate the Agreement, at which time the entire unpaid balance of the LOC would be "immediately due and payable." *See id.*

11.     Per the Agreement, Zions is entitled to recover from Anderson certain collection costs, including up to 15% of the balance of the unpaid debt for reasonable attorneys' fees and costs. *See id.*

12.     Anderson defaulted on the LOC in or about February 2022, and is therefore in default.

---

[1] In the Complaint, Anderson identified the relevant account by all but the last four numbers; to ensure the entire account number is not disclosed, Zions does the same herein.

13.     On or about April 17, 2023, Zions sent a letter to Anderson (the "Demand Letter") notifying him that he was in default under the LOC, and that the amount owing under the LOC as of April 17, 2023 was $14,400. A true and correct copy of the Demand Letter is attached hereto as Exhibit 2 and is incorporated herein by reference.

14.     Through the Demand Letter, Zions demanded that Anderson "(1) pay the total amount set forth above, together with any costs and attorney's fees which are incurred after the date of this [Demand Letter], or (2) make acceptable repayment arrangements with [Zions] on these amounts, by no later than May 1, 2023." *See* Ex. 2.

15.     As of the date of this filing, Anderson has failed to pay all amounts due and owing on the LOC.

16.     The LOC was charged on or about May 11, 2022, meaning interest stopped accruing on the LOC.

**<u>COUNT ONE</u>**

**<u>(Breach of Contract)</u>**

17.     As of the date of this filing, Anderson owes the principal amount of $14,400.00 on the LOC.

18.     Zions realleges and incorporates by reference each of the foregoing paragraphs of this Counterclaim.

19.     The Agreement constitutes a valid and binding contractual relationship between Zions and Anderson.

20.     Zions has fully performed its obligations under the terms and conditions of the Agreement.

21.     The Agreement is in default because Anderson failed to pay all amounts due and owing under the Agreement.

22.     Zions has made demand on Anderson for the amounts due and owing under the Agreement.

23.     Due to Anderson's breach of the Agreement, Zions is entitled to judgment against Anderson for the amounts due and owing under the Agreement, plus reasonable attorneys' fees and costs in accordance with the terms of the Agreement.

## PRAYER FOR RELIEF

Wherefore, Zions respectfully requests that the Court enter judgment in favor of Zions, and against Anderson, in an amount to be determined at trial, prejudgment interest, and its attorney fees and costs.

Dated: June 3, 2026

Respectfully submitted,

SNELL & WILMER L.L.P.

*s/ Gregory J. Marshall*
Gregory J. Marshall
Amanda M. Blain
675 15th Street, Suite 2500
Denver, CO 80202
Tel: (303) 634-2000
Fax: (303) 634-2020
gmarshall@swlaw.com
ablain@swlaw.com

***Attorneys for Defendant / Counterclaimant Zions Bancorporation, N.A. d/b/a Vectra Bank***

- 13 -

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, a true and correct copy of the foregoing **Defendant / Counterclaimant Zions Bancorporation, N.A. d/b/a Vectra Bank's Answer to Complaint and Jury Demand, Affirmative Defenses, and Counterclaim** was electronically filed via CM/ECF, and served via E-mail and U.S. Mail on the following:

Tyrell Anderson
6660 Delmonico Drive, #219
Colorado Springs, CO 80919
Tel: (719) 800-0583
allrightythen1999@gmail.com

*Plaintiff / Counter-Defendant pro se*

*s/ Chris Wisniewski*

for Snell & Wilmer L.L.P.