# Exhibit 1

*11301447000410[redacted]3058694_CONTR*

# VECTRA BANK COLORADO SIGNATURE AGREEMENT AND DISCLOSURE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $15,000.00 | 04-12-2017 | | *** | 0001 | 1447-410[redacted] | *** | |

References in the boxes above are for our use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** TYRELL ANDERSON
5320 BUNK HOUSE LN
COLORADO SPRINGS, CO 80917

**Lender:** ZB, N.A. dba VECTRA BANK COLORADO
COLORADO SPRINGS BRANCH
111 SOUTH TEJON, SUITE 103
COLORADO SPRINGS, CO 80903

| Interest Rate and Interest Charges | |
|---|---|
| **Annual Percentage Rate (APR) for Purchases and Cash Advances** | 8.740%<br>This APR will vary with the market based on the Prime Rate. |
| **Paying Interest** | You will be charged interest from the transaction date. |

| Fees | | |
|---|---|---|
| **Set-up and Maintenance Fees** | | |
| • Annual Fee | **$75** | |
| • Origination Fee | **$75** | (one-time fee) |
| **Penalty Fees** | | |
| • Late Payment | **$15** | |
| • Over-the-Credit Limit | **$30** | |
| • Returned Payment | **$25** | |

**How We Will Calculate Your Balance:** We use a method called "daily balance (including current transactions)." See your account agreement for more details.

**Billing Rights.** Information on your rights to dispute transactions and how to exercise those rights is provided in your account agreement.

**CREDIT LIMIT: $15,000.00** **DATE OF AGREEMENT: April 12, 2017**

**Introduction.** This Vectra Bank Colorado Signature Agreement and Disclosure ("Agreement") governs your line of credit (the "Credit Line" or the "Credit Line Account") issued through ZB, N.A. dba VECTRA BANK COLORADO. In this Agreement, the words "Borrower," "you," "your," and "Applicant" mean each and every person who signs this Agreement, including all Borrowers named above. The words "we," "us," "our," and "Lender" mean ZB, N.A. dba VECTRA BANK COLORADO. **You agree to the following terms and conditions:**

**Promise to Pay.** You promise to pay ZB, N.A. dba VECTRA BANK COLORADO, or order, the total of all credit advances, accrued interest and interest charges, together with all fees, charges, costs and expenses for which you are responsible under this Agreement. You will pay your Credit Line according to the payment terms set forth below. **If there is more than one Borrower, each is jointly and severally liable on this Agreement. This means we can require any Borrower to pay all amounts due under this Agreement, including credit advances made to any Borrower. Each Borrower authorizes any other Borrower, on his or her signature alone, to cancel the Credit Line, to request and receive credit advances, and to do all other things necessary to carry out the terms of this Agreement. We can release any Borrower from responsibility under this Agreement, and the others will remain responsible.**

# VECTRA BANK COLORADO SIGNATURE AGREEMENT AND DISCLOSURE

**Loan No: 11301447000410█████**                (Continued)                **Page 2**

**Term.** The term of your Credit Line will begin as of the date of this Agreement ("Opening Date") and will continue as follows: until cancelled by you or us as noted below in "Lenders Rights", "Termination by You", or "Signature Account Closure Before Maturity". All indebtedness under this Agreement, if not already paid pursuant to the payment provisions below, will be due and payable at the end of this term. The draw period of your Credit Line will begin on the Opening Date and will continue as follows: until cancelled by you or us as noted below in "Lenders Rights", "Termination by You", or "Signature Account Closure Before Maturity". You may obtain credit advances during this period ("Draw Period"). You agree that we may renew or extend the period during which you may obtain credit advances or make payments. You further agree that we may renew or extend your Credit Line Account.

**Minimum Payment.** Your "Regular Payment" will be based on a percentage of your outstanding balance, including principal and unpaid interest, plus all accrued interest as shown below or $50.00, whichever is greater. Your payments will be due monthly.

| Range of Balances | Regular Payment Calculation |
|---|---|
| All Balances | 1.500% of your outstanding balance plus all accrued interest |

Your "Minimum Payment" is your Regular Payment, plus any amounts past due and all fees and charges. An increase in the Annual Percentage Rate (also known as "APR") may increase the amount of your Regular Payment.

In any event, if your Credit Line balance falls below $50.00, you agree to pay your balance in full. You agree to pay not less than the Minimum Payment on or before the due date indicated on your periodic billing statement.

**How Your Payments Are Applied.** Unless otherwise agreed or required by applicable law, payments and other credits will be applied to accrued Finance Charges; then to unpaid principal; then to late charges and other charges.

**Receipt of Payments.** All payments must be made by a check, automatic account debit, electronic funds transfer, money order, or other instrument in U.S. Dollars and must be received by us at the remittance address shown on your periodic billing statement. Payments received at that address prior to 5:00 P.M. Mountain Standard Time on any business day will be credited to your Signature Account as of the date received. If we receive payments at other locations, such payments will be credited promptly to your Credit Line, but crediting may be delayed for up to five (5) days after receipt.

If you selected the option for automatic payments on the loan application and designated the Vectra Bank Colorado, a division of ZB, N.A. deposit account from which such automatic payments are to be made, and the Bank accepts your request, then each month the Bank will automatically debit the minimum payment amount as described herein from that designated Vectra Bank Colorado, a division of ZB, N.A. deposit account to make the required minimum payment on your Signature Account. This automatic payment will be debited on the payment due date set forth in the monthly billing statement. Automatic payments will be for the minimum payment amount only - if you wish to pay more than the minimum payment amount, then you will need to pay that additional amount separately. NOTE: If on the payment due date your designated Vectra Bank Colorado, a division of ZB, N.A. deposit account does not contain sufficient funds to cover the automatic payment on your Signature Account, the automatic payment debited on the due date will be an amount sufficient to cover the automatic payment on your Signature account and will result in an overdraft of your Vectra Bank Colorado, a division of ZB, N.A. deposit account which could result in overdraft fees and other charges.

**Credit Limit.** This Agreement covers a revolving line of credit for the principal amount of Fifteen Thousand & 00/100 Dollars ($15,000.00), which will be your "Credit Limit" under this Agreement. You may borrow against the Credit Line, repay any portion of the amount borrowed, and re-borrow up to the amount of the Credit Limit. Your Credit Limit is the maximum amount you may have outstanding at any one time. You agree not to attempt, request, or obtain a credit advance that will make your Credit Line Account balance exceed your Credit Limit. Your Credit Limit will not be increased should you overdraw your Credit Line Account. If you exceed your Credit Limit, you agree to repay immediately the amount by which your Credit Line Account exceeds your Credit Limit, even if we have not yet billed you.

**Charges to your Credit Line.** We may charge your Credit Line to pay other fees and costs that you are obligated to pay under this Agreement or any other document related to your Credit Line. Any amount so charged to your Credit Line will be a credit advance and will decrease the funds available, if any, under the Credit Line. However, we have no obligation to provide any of the credit advances referred to in this paragraph.

**Credit Advances.** Beginning on the Opening Date of this Agreement, you may obtain credit advances under your Credit Line as follows:

**Credit Line Checks.** Writing a preprinted "Signature Check" that we will supply to you.

**Telephone Request.** Requesting a credit advance from your Credit Line to be applied to your designated account by telephone. Except for transactions covered by the federal Electronic Fund Transfers Act and unless otherwise agreed in your deposit account agreement, you acknowledge and you agree that we do not accept responsibility for the authenticity of telephone instructions and that we will not be liable for any loss, expense, or cost arising out of any telephone request, including any fraudulent or unauthorized telephone request, when acting upon such instructions believed to be genuine.

**Requests By Mail.** Requesting an advance by mail.

**Requests In Person.** Requesting a credit advance in person at any of our authorized locations.

**Other Methods.** Any other access method or device we allow or provide.

If there is more than one person authorized to use this Credit Line Account, you agree not to give us conflicting instructions, such as one Borrower telling us not to give advances to the other.

**Limitations on the Use of Checks.** We reserve the right not to honor Signature Checks in the following circumstances:

**Credit Limit Violation.** Your Credit Limit has been or would be exceeded by paying the Signature Check.

**Termination or Suspension.** You are in default or otherwise are in violation of this Agreement or would be so if we paid the Signature Check.

If we pay any Signature Check under these conditions, you must repay us, subject to applicable laws, for the amount of the Signature Check. The Signature Check itself will be evidence of your debt to us together with this Agreement. Our liability, if any, for wrongful dishonor of a check is limited to your actual damages. Dishonor for any reason as provided in this Agreement is not wrongful dishonor. We may choose not to return Signature Checks along with your periodic billing statements; however, your use of each Signature Check will be reflected on your periodic statement as a credit advance. We do not "certify" Signature Checks drawn on your Credit Line.

**Transaction Requirements.** The following transaction limitations will apply to the use of your Credit Line:

**Credit Line Signature Check Limitations.** The following transaction limitations will apply to your Credit Line and the writing of Signature Checks.

**Minimum Advance Amount.** The minimum amount of any credit advance that can be made on your Credit Line is $500.00. This

(Page 3 of 8)

## VECTRA BANK COLORADO SIGNATURE AGREEMENT AND DISCLOSURE

Loan No: 11301447000410█████                     (Continued)                                              Page 3

means any Signature Check must be written for at least the minimum advance amount.

**Telephone Request Limitations.** The following transaction limitations will apply to your Credit Line and requesting an advance by telephone.

**Minimum Advance Amount.** The minimum amount of any credit advance that can be made on your Credit Line is $500.00.

**Other Transaction Requirements.** You may obtain advances over the telephone by calling 1-(888) 648-7650 and asking the Bank to deposit the advance from your Signature Credit Account to your Vectra Bank Colorado, a division of ZB, N.A. deposit account. The Bank will not honor your telephone instructions unless you correctly give us such identifying information as the Bank may request. Your telephone instructions must be received by 5:00 P.M. to be processed that day.

**Request By Mail Limitations.** The following transaction limitations will apply to your Credit Line and requesting an advance by mail.

**Minimum Advance Amount.** The minimum amount of any credit advance that can be made on your Credit Line is $500.00.

**In Person Request Limitations.** The following transaction limitations will apply to your Credit Line and requesting an advance in person.

**Minimum Advance Amount.** The minimum amount of any credit advance that can be made on your Credit Line is $500.00.

**Other Methods Limitations.** There are no transaction limitations for accessing by other methods.

**Limitation on All Access Devices.** You may not use any access device, whether described above or added in the future, for any illegal or unlawful transaction, and we may decline to authorize any transaction that we believe poses an undue risk of illegality or unlawfulness. Notwithstanding the foregoing, we may collect on any debt arising out of any illegal or unlawful transaction.

**Authorized Signers.** The words "Authorized Signer" on Signature Checks as used in this Agreement mean and include each person who (a) signs the application for this Credit Line, (b) signs this Agreement, or (c) has executed a separate signature authorization card for the Credit Line Account.

**Stop Payments.** We do not honor stop payment orders for Signature Checks drawn against your Credit Line Account. You therefore should not use your Credit Line Account if you anticipate the need to stop payment. You agree that we will have no liability to you or to any other party because we do not honor stop payment orders.

**Lost Signature Checks.** If you lose your Signature Checks or if someone is using them without your permission, you agree to let us know immediately. The fastest way to notify us is by calling us at (800) 232-8948. You also can notify us at ZB, N.A. dba VECTRA BANK COLORADO P.O. BOX 1507, SALT LAKE CITY, UT 84110-1507.

**Future Credit Line Services.** Your application for this Credit Line also serves as a request to receive any new services (such as access devices) which may be available at some future time as one of our services in connection with this Credit Line. You understand that this request is voluntary and that you may refuse any of these new services at the time they are offered. You further understand that the terms and conditions of this Agreement, together with any specific terms covering the new service, will govern any transactions made pursuant to any of these new services.

**Right of Setoff.** To the extent permitted by applicable law, we reserve a right of setoff in all your accounts with us (whether checking, savings, or some other account), including without limitation, all accounts you may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. You authorize us, to the extent permitted by applicable law, and subject to any applicable notice requirements or cure rights, to charge or setoff all sums owing on this Agreement against any and all such accounts, and, at our option, to administratively freeze all such accounts to allow us to protect our charge and setoff rights provided in this paragraph.

**Periodic Statements.** If you have a balance owing on your Credit Line Account or have any account activity, we will send you a periodic statement, unless prohibited by applicable law. It will show, among other things, credit advances, interest charges, fees, other charges, payments made, other credits, your "Previous Balance," and your "New Balance." Your statement also will identify the Minimum Payment you must make for that billing period and the date it is due.

**When Interest Begins To Accrue.** Interest on credit advances under your Credit Line will begin to accrue on the date credit advances are posted to your Credit Line. There is no "grace period" which would allow you to avoid paying interest on your Credit Line credit advances.

**Method Used to Determine the Balance on Which Interest Will Be Computed.** We figure the interest charge on your Credit Line Account by applying the periodic rate to the "daily balance" of your Credit Line Account for each day in the billing cycle. To get the daily balance, we take the beginning balance of your Credit Line Account each day, add any new advances and subtract any payments or credits and any unpaid interest or other finance charges. This gives us the "daily balance."

**Method of Determining the Amount of Interest Charges.** The interest charged to your Credit Line is determined by applying the applicable daily "Periodic Rate" to the balance described herein. Then we add together the periodic interest charges for each day in the billing cycle.

**Periodic Rate and Corresponding Annual Percentage Rate.** The Periodic Rate and the corresponding Annual Percentage Rate on your Credit Line are subject to change from time to time based on changes in an independent index which is the Prime Rate as published in the Wall Street Journal. Information about the Index is available or published daily in the Wall Street Journal (the "Index"). The Index is not necessarily the lowest rate charged by us on our loans. If the Index becomes unavailable during the term of this Credit Line Account, we may designate a substitute index after notice to you. The Annual Percentage Rate on your Credit Line is based upon the Index and the margin described below ("Margin").

The Periodic Rate and the corresponding Annual Percentage Rate on your Credit Line will increase or decrease as the Index increases or decreases from time to time. If the Periodic Rate and corresponding Annual Percentage Rate increases, it will have the effect disclosed in the "Minimum Payment" paragraph. We will determine the Periodic Rate and the corresponding Annual Percentage Rate as follows: We start with the current Index and then add a certain Margin as disclosed below. To determine the Periodic Rate that will apply to your account, we add a margin to the value of the Index, then divide the value by the number of days in a year (daily). To obtain the Annual Percentage Rate we multiply the Periodic Rate by the number of days in a year (daily). This result is the Annual Percentage Rate. In no event will the Periodic Rate result in a corresponding Annual Percentage Rate that is more than 21.000%, nor will the Periodic Rate or corresponding Annual Percentage Rate exceed the maximum rate allowed by applicable law. Adjustments to the Periodic Rate and the corresponding Annual Percentage Rate resulting from changes in the Index will take effect MONTHLY ON THE FIRST DAY OF THE NEXT BILLING PERIOD. Today the Index is 4.000% per annum, and therefore the initial corresponding Annual Percentage Rate and the Periodic Rate on your Credit Line are as stated below:

(Page 4 of 8)

## VECTRA BANK COLORADO SIGNATURE AGREEMENT AND DISCLOSURE

Loan No: 11301447000410█████   (Continued)   Page 4

### Current Rates

| Range of Balance or Conditions | Margin Added to Index | Corresponding Annual Percentage Rate | Daily Periodic Rate |
|---|---|---|---|
| All Balances | 4.740% | 8.740% | 0.02395% |

Notwithstanding any other provision of this Agreement, we will not charge interest on any undisbursed loan proceeds.

**Fees Imposed On the Credit Line.** You agree to pay the following fees:

**Set-up and Maintenance Fees.** You agree to pay the following account set-up and maintenance fees:

**Annual Fee.** A nonrefundable Annual Fee of $75.00 will be charged to your Credit Line annually.

**Additional Account Set-up Fee.** In addition, you will be charged the following, one-time Account Set-up Fee:

Origination Fee   $75.00   In Cash

**Penalty Fees.** You agree to pay the following penalty fees:

**Late Payment Fee.** If you do not make your payment within 11 days after the "Payment Due Date" shown on your periodic statement, in addition to our rights in default, **we may charge you $15.00**.

**Over-the-Credit-Limit Fee.** Your Credit Line may be charged $30.00 if you cause your Credit Line to go over your Credit Limit. This includes writing a Signature Check in excess of your available balance. Any amounts charged to your Credit Line under this paragraph are to compensate us for our administrative costs related to your exceeding your Credit Limit.

**Returned Payment Fee.** You may be charged $25.00 if you pay your Credit Line obligations with a check, draft, or other item that is dishonored for any reason, unless applicable law requires a lower fee or prohibits any fee.

**Additional Fees.** You agree to pay the following additional fees:

**Fee for Transaction Smaller than Minimum Allowed.** Your Credit Line may be charged $15.00 if you request a credit advance that is less than the minimum advance amount allowed for a transaction as disclosed above, whether or not we decide to honor it or whether we refuse to honor it, unless applicable law requires a lower fee or prohibits such a fee. Any amounts charged to your Credit Line under this paragraph are to compensate us for administrative costs not as a penalty or default charge.

**Photocopy and Research Fee.** If you request a copy of any document or file that is not required to be provided to you without charge under applicable law, we may charge your Credit Line $5.00 per copy for the time it takes to locate, copy or print, and mail the document to you. If your request is related to a billing error (see "Your Billing Rights" notice) and an error is found or if your request is otherwise found to not be subject to a charge under applicable law, we will reverse any photocopy or research fee.

**Other Charges.** Your Credit Line Account may be charged the following other charges: Hourly Research Charge. The amount of this other charge is: $7.50. This charge will be due as follows: Upon Each Occurrence.

**Right to Credit Advances.** Beginning on the Opening Date, we will honor your requests for credit advances up to your Credit Limit so long as: (A) you are not in default under the terms of this Agreement; (B) this Agreement has not been terminated or suspended.

**Default.** We may declare you to be in default if any one or more of the following events occur: (A) you fail to pay a Minimum Payment when due; (B) you die; (C) you make any false or misleading statements on your Credit Line application; (D) you violate any provision of this Agreement or any other agreement with us; (E) any garnishment, attachment, or execution is issued against any material asset owned by you; (F) you exceed your Credit Limit; (G) you file for bankruptcy or other insolvency relief, or an involuntary petition under the provisions of the Bankruptcy Code is filed against you.

**Lender's Rights.** If you are in default, we will send notice to you setting forth a time period of at least twenty (20) days within which such default may be cured. During this cure period, without notice, we may suspend your Credit Line as provided below. If such default is not cured during this period, we may either terminate or continue suspension of your Credit Line Account.

**Suspension.** If we suspend your Credit Line, you will lose the right to obtain further credit advances. However, all other terms of this Agreement will remain in effect and be binding upon you, including your liability for any further unauthorized use of any Credit Line access devices.

**Termination.** If we terminate your Credit Line, your Credit Line will be suspended and the entire unpaid balance of your Credit Line Account will be immediately due and payable, without prior notice except as may be required by law, and you agree to pay that amount plus all interest, fees, and other amounts due under this Agreement.

**Collection Costs.** We may hire or pay someone else who is not our salaried employee to help collect this Agreement if you do not pay. You will pay us that amount. This includes our reasonable attorneys' fees and legal expenses, however not to exceed fifteen percent (15%) of the unpaid debt after default, whether or not there is a lawsuit, including without limitation reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, you also will pay any court costs, in addition to all other sums provided by law.

**Access Devices.** If your Credit Line is suspended or terminated, you must immediately return to us all Signature Checks and any other access devices. Any use of Signature Checks or other access devices following suspension or termination may be considered fraudulent. You will also remain liable for any further use of Signature Checks or other Credit Line access devices not returned to us.

**Delay in Enforcement.** We may delay or waive the enforcement of any of our rights under this Agreement without losing that right or any other right. If we delay or waive any of our rights, we may enforce that right at any time in the future without advance notice. For example, not terminating your account for non-payment will not be a waiver of our right to terminate your account in the future if you have not paid.

**Termination by you.** If you terminate this Agreement, you must notify us in writing at the address shown on your periodic billing statement or other designated address and return all Signature Checks and any other access devices to us. Despite termination, your obligations under this Agreement will remain in full force and effect until you have paid us all amounts due under this Agreement.

**Prepayment.** You may prepay all or any amount owing under this Credit Line at any time without penalty, except we will be entitled to receive all accrued interest, fees, and other charges, if any. Payments in excess of your Minimum Payment will not relieve you of your obligation to

## VECTRA BANK COLORADO SIGNATURE AGREEMENT AND DISCLOSURE

Loan No: 11301447000410█████          (Continued)                                    Page 5

continue to make your Minimum Payments. Instead, they will reduce the principal balance owed on the Credit Line. You agree not to send us payments marked "paid in full", "without recourse", or similar language. If you send such a payment, we may accept it without losing any of our rights under this Agreement, and you will remain obligated to pay any further amount owed to us. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: ZB, N.A. dba VECTRA BANK COLORADO, Consumer Loan Servicing, PO Box 1507 Salt Lake City, UT 84110-1507.**

**Notices.** All notices will be sent to your address as shown in your Credit Line application. Notices will be mailed to you at a different address if you give us written notice of a different address. You agree to advise us promptly if you change your mailing address.

**Annual Review.** You agree that you will provide us with a current financial statement, a new credit application, or both, annually, on forms provided by us. Based upon this information we will conduct an annual review of your Credit Line Account. You also agree we may obtain credit reports on you at any time, at our sole option and expense, for any reason, including but not limited to determining whether there has been an adverse change in your financial condition. You authorize us to release information about you to third parties as described in our privacy policy and our Fair Credit Reporting Act notice, provided you did not opt out of the applicable policy, or as permitted by law. Based upon a material adverse change in your financial condition (such as termination of employment or loss of income), we may reduce or suspend your Credit Line.

**Transfer or Assignment.** Without prior notice or approval from you, we reserve the right to sell or transfer your Credit Line Account and our rights and obligations under this Agreement to another lender, entity, or person. Your rights under this Agreement belong to you only and may not be transferred or assigned. Your obligations, however, are binding on your heirs and legal representatives. Upon any such sale or transfer, we will have no further obligation to provide you with credit advances or to perform any other obligation under this Agreement.

**Notify Us of Inaccurate Information We Report To Consumer Reporting Agencies.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: ZB, N.A. dba VECTRA BANK COLORADO Consumer Loan Servicing P.O. Box 1507 Salt Lake City, UT 84110-1507.

**Waiver of Defenses and Release of Claims.** The undersigned hereby (i) represents that neither the undersigned nor any affiliate or principal of the undersigned has any defenses to or setoffs against any indebtedness or other obligations owing by the undersigned, or by the undersigned's affiliates or principals, to Lender or Lender's affiliates (the "Obligations"), nor any claims against Lender or Lender's affiliates for any matter whatsoever, related or unrelated to the Obligations, and (ii) releases Lender and Lender's affiliates, officers, directors, employees and agents from all claims, causes of action, and costs, in law or equity, known or unknown, whether or not matured or contingent, existing as of the date hereof that the undersigned has or may have by reason of any matter of any conceivable kind or character whatsoever, related or unrelated to the Obligations, including the subject matter of this Agreement. The foregoing release does not apply, however, to claims for future performance of express contractual obligations that mature after the date hereof that are owing to the undersigned by Lender or Lender's affiliates. As used in this paragraph, the word "undersigned" does not include Lender or any individual signing on behalf of Lender. The undersigned acknowledges that Lender has been induced to enter into or continue the Obligations by, among other things, the waivers and releases in this paragraph.

**Agreed Rate of Interest.** Borrower hereby agrees to pay an effective rate of interest that is the sum of the interest rate provided for in this agreement, together with any additional rate of interest resulting from any other charges of interest or in the nature of interest paid or to be paid in connection with this agreement.

**Signature Account Closure Before Maturity.** You may close your Signature Account at any time by writing to the Bank. The Bank may close your Signature Account at any time without cause upon fifteen (15) days written notice to you. When your Signature Account is closed (whether by you or the Bank) your right to obtain advances from your Signature Account will be automatically revoked and you must immediately return any unused Signature Checks to the Bank. Also, you will be required to pay the entire amount owing on your Signature Account; at the Bank's option, you will pay the entire amount owing either (a) immediately, or (b) by making monthly payments based on a 36-month fully amortizing loan with principal and interest paid monthly (the Bank may require collateral until the 36-month loan is paid in full).

**Reporting Negative Information. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

**DISPUTE RESOLUTION. This section contains a class action waiver, a jury waiver, and an arbitration provision. READ THIS SECTION CAREFULLY.**

This Section does not apply (a) to members of the armed forces and their dependents who are entitled to protection under the Military Lending Act, 10 U.S.C. § 987, or (b) if prohibited under any otherwise applicable provision of State or Federal law. If you would like more information about whether you are entitled to protection under the Military Lending Act and whether this Section applies to you, please contact us at (800) 232-8948.

This dispute resolution provision shall supersede and replace any prior "Jury Waiver," "Class Action Waiver," "Arbitration," "Judicial Reference," "Dispute Resolution," or similar alternative dispute agreement or provision between or among the parties governing a "Dispute" (defined below). No portion of this Dispute Resolution section shall be interpreted or applied in a manner prohibited by governing law, but all other portions shall remain in effect. Without limitation, no portion of this Dispute Resolution section shall require arbitration or other non-judicial procedure to resolve any controversy or settle any claim arising out of any consumer credit transaction that is secured by a dwelling (including a home equity line of credit secured by the consumer's principal dwelling).

**1. DEFINITION OF DISPUTE. "Dispute"** means any claim, dispute or controversy by either party against the other arising from or relating in any way to this Agreement, or any other agreement between us related hereto, or the subject matter of this Agreement. "Dispute" includes, but is not limited to, claims, disputes or controversies that arise from deposit accounts, applications for or denials of credit, promises and representations we make to each other, the adequacy of disclosures we make to each other, compliance with applicable laws and/or regulations, the performance and enforcement of any and all obligations we have to each other, alleged torts, and matters involving either of our employees, agents, affiliates, or assigns.

**2. JURY TRIAL WAIVER. Each party waives its, his or her respective rights to have Disputes resolved by a jury trial. All Disputes shall be resolved by a judge sitting without a jury, unless resolved by arbitration as provided in subsection 4.**

**3. CLASS ACTION WAIVER. Each party waives the right to initiate or participate in any class action,** representative action, private attorney-general litigation or consolidated arbitration related to a Dispute between us. Each party agrees that it, he or she will not request, and that no arbitrator or court may order, permit or certify, a class action, representative action, private attorney-general litigation or consolidated arbitration in connection with any Dispute. No arbitrator or court may consolidate or join a Dispute with the claims or disputes of others, unless each party hereto consents to such joinder in writing.

**4. AGREEMENT TO ARBITRATE DISPUTES  (A) IF A CONSUMER PARTY REQUESTS, OR (B) IF THE JURY TRIAL WAIVER IS NOT ENFORCED.**

(Page 6 of 8)

## VECTRA BANK COLORADO SIGNATURE AGREEMENT AND DISCLOSURE

Loan No: 11301447000410█████            (Continued)                         Page 6

A party who (in context of the Dispute) is a consumer may timely elect to require that the Dispute be submitted to mandatory binding arbitration in accordance with this subsection 4. In addition, if this Agreement's jury waiver is unenforceable by law, or otherwise not enforced by a court exercising jurisdiction over the Dispute, then all parties hereby agree that the Dispute shall be timely submitted to mandatory binding arbitration in accordance with this subsection 4. BY AGREEING TO RESOLVE SPECIFIED FUTURE DISPUTES IN ARBITRATION, THE PARTIES ARE WAIVING THEIR RIGHT TO LITIGATE THOSE DISPUTES IN COURT.

The arbitrator shall have no authority to determine the validity, enforceability, meaning and scope of this Arbitration Clause and those matters may be determined only by a court. All parties agree that if a third party (such as a credit reporting agency, merchant accepting a credit card, junior lienholder or title company) is a party to any Dispute between us, we each will consent to including the third party in the arbitration proceeding and resolving the Dispute with the third party through arbitration.

A demand for arbitration may be made either before or after a lawsuit or other legal proceeding (a "Lawsuit") begins. If a Lawsuit has begun, a party shall be entitled to move the court for an order compelling arbitration and staying or dismissing the Lawsuit pending arbitration (an "Arbitration Order"). Such motion shall be made within 30 days following the service of a complaint, third-party complaint, cross-claim or counterclaim or any answer thereto, any amendment to any of the above served in the Lawsuit, or a ruling or entry of an order in the Lawsuit that has the effect of invalidating any jury trial waiver agreement (any of the foregoing, an "Arbitration Event"). Each party agrees that a party that commenced or participated in the Lawsuit may demand arbitration of a Dispute after an Arbitration Event, and that the commencement or participation in the Lawsuit shall not operate as a waiver of the right to compel arbitration. After entry of an Arbitration Order, the non-moving party shall commence arbitration. The moving party shall, at its discretion, also be entitled to commence arbitration but is under no obligation to do so, and the moving party shall not in any way be adversely prejudiced by electing not to commence arbitration.

Arbitration under this provision shall be conducted before a single arbitrator through either the National Arbitration Forum ("NAF") or JAMS, as selected by the initiating party, in accordance with the rules of NAF or JAMS (the "Administrator"). However, if the parties agree, a licensed attorney may be selected by the parties to conduct the arbitration without an Administrator. If NAF and JAMS both decline to administer arbitration of the Dispute, and if the parties are unable to mutually agree upon a licensed attorney to act as arbitrator without an Administrator, then either party may file a Lawsuit and move for an Arbitration Order. The arbitrator, howsoever appointed, shall have expertise in the subject matter of the Dispute. Venue for the arbitration proceeding shall be as stated elsewhere in this Agreement with respect to any judicial proceedings between the parties. Absent such a provision, the arbitration shall be conducted at a location determined by mutual agreement of the parties or by the Administrator if no agreement can be reached. The arbitrator shall apply the law of the state specified in the agreement giving rise to the Dispute.

In any arbitration that (a) is commenced by a consumer, (b) concerns credit or services provided by Lender or Bank, primarily for personal, family or household purposes, and (c) is a claim by the consumer for damages less than $75,000, Lender or Bank shall pay one half of the Administrator's initial filing fee, up to $500. If Lender or Bank commences that arbitration or is the moving party obtaining an Arbitration Order, Lender or Bank shall pay all Administrator and arbitrator fees, regardless of whether or not the consumer is the prevailing party in such arbitration, unless such Dispute involves a claim for damages by the consumer and is found by the arbitrator to be frivolous.

The Administrator and the arbitrator shall have the authority, to the extent practicable, to take any reasonable action to require the arbitration proceeding to be completed within 180 days of commencing the arbitration. The arbitrator: (i) will render a decision and any award applying applicable law; (ii) will hear and rule on appropriate dispositive motions for judgment on the pleadings, for failure to state a claim, or for full or partial summary judgment; (iii) will give effect to any statutory or contractual limitations period (e.g., any statute of limitations) in determining any Dispute or defense; (iv) shall have the authority to impose sanctions on any party that fails to comply with time periods imposed by the Administrator or the arbitrator, including, without limitation, the sanction of entering a final award against the party that fails to comply; (v) shall have authority to award costs and fees (including attorneys' fees and costs, arbitration administration fees and costs, and arbitrator(s)' fees) to the extent permitted by law; (vi) shall recognize and honor claims of privilege recognized at law; and (vii) with regard to motions and the arbitration hearing, shall apply the Federal Rules of Evidence. The doctrines of compulsory counterclaim, res judicata, and collateral estoppel shall apply to any arbitration proceeding hereunder.

Commencement of an arbitration by any party shall not prevent any party from at any time (i) seeking and obtaining from a court of competent jurisdiction (notwithstanding ongoing arbitration) provisional or ancillary remedies including but not limited to injunctive relief, temporary restraining orders, property preservation orders, foreclosure, sequestration, eviction, attachment, replevin, garnishment, and/or the appointment of a receiver; or (ii) availing itself of any self-help remedies such as setoff and repossession rights or non-judicial foreclosure of collateral. The exercise of such rights shall not constitute a waiver of the right to submit any Dispute to arbitration.

Judgment upon an arbitration award may be entered in any court having jurisdiction except that, if the arbitration award exceeds $200,000, any party shall be entitled to a de novo appeal of the award before a panel of three arbitrators. To allow for such appeal, if the award (including Administrator, arbitrator, and attorney's fees and costs) exceeds $200,000, the arbitrator will issue a written, reasoned decision supporting the award, including a statement of authority and its application to the Dispute. A request for de novo appeal must be filed with the arbitrator within 30 days following the date of the arbitration award; if such a request is not made within that time period, the arbitration award shall become final and binding. On appeal, the arbitrators shall review the award de novo, meaning that they shall reach their own findings of fact and conclusions of law rather than deferring in any manner to the original arbitrator. Appeal of an arbitration award shall be pursuant to the rules of the Administrator; if the Administrator has no such rules, then the JAMS arbitration appellate rules shall apply.

To request information on how to submit an arbitration claim, or to request a copy of an Administrator's rules or fee schedule, please contact the Administrators as follows:   JAMS: 1920 Main St., Suite 300, Irvine, CA 92614, Phone: (949) 224-1810, Fax: (949) 224-1818, E-mail: info@jamsadr.com, Website: www.jamsadr.com; NAF: National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405-0191, Phone (800) 474-2371, E-Mail: info@adrforum.com, Website: www.adrforum.com.

Arbitration under this provision concerns a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. sec. 1 et seq. If the terms of this Arbitration Clause vary from the Administrator's rules, this Clause shall control. This Arbitration Clause shall survive any termination, amendment, or expiration of this Agreement, or any other relationship between the parties. This Arbitration Clause shall supersede any prior arbitration agreement between or among the parties.

5. RELIANCE. Each party (i) certifies that no one has represented to such party that the other party would not seek to enforce the jury waiver or the class action waiver in the event of suit, and (ii) acknowledges that it and the other party have been induced to enter into this Agreement by, among other things, the mutual waivers, agreements, and certifications in this DISPUTE RESOLUTION section.

On-line Banking -- Advances. From time to time, Lender may (but shall not be required to) permit advances to be requested or drawn through its online banking website. Lender may impose and change limitations on online advance requests, such as minimum or maximum advance dollar amounts, and the types of accounts into which advances may be transferred. Whether online advances are permitted, and Lender's applicable terms and restrictions if such advances are permitted, will be reflected in the features available online when a user logs into the online banking website.

On-line Banking -- Loan Payments. From time to time, Lender may (but shall not be required to) permit loan payments to be made through its

## VECTRA BANK COLORADO SIGNATURE AGREEMENT AND DISCLOSURE

**Loan No: 11301447000410**[REDACTED]                    (Continued)                                        **Page 7**

online banking website. Lender may impose and change limitations on making online loan payments, such as minimum or maximum payment amounts, the types of accounts from which loan payments may be made, and the types of payments that may be made online (i.e., ordinary installment payments, principal-only payments, or other types of payments). Whether online payments are permitted, and Lender's applicable terms and restrictions if such payments are permitted, will be reflected in the features available online when a user logs into the online banking website.

**TEMPORARY HOLD ON REPAID BALANCES.** Amounts repaid and credited to your Credit Line may be re-borrowed, up to the amount of your Credit Limit. Nevertheless, regardless of any other provisions in this Agreement, this paragraph governs amounts recently repaid and credited to your Credit Line. While we assure ourselves that your payment has cleared in final funds, we may decline any request you make (by any access method) to re-borrow that recently credited portion of your Credit Line. Therefore, until the finality of a recently credited payment is reasonably assured in our sole discretion, the amount available for immediate advance may be less than the remaining unused balance of your Credit Limit.

**Signature Line Signature Card.** An exhibit, titled "Signature Line Signature Card," is attached to this Agreement and by this reference is made a part of this Agreement just as if all the provisions, terms and conditions of the Exhibit had been fully set forth in this Agreement.

**Governing Law.** This Agreement will be governed by federal law applicable to us and, to the extent not preempted by federal law, the laws of the State of Colorado without regard to its conflicts of law provisions. This Agreement has been accepted by us in the State of Colorado.

**Choice of Venue.** If there is a lawsuit, you agree upon our request to submit to the jurisdiction of the courts of DENVER County, State of Colorado.

**Caption Headings.** Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement.

**Interpretation.** You agree that this Agreement is the most reliable evidence of your agreements with us. If we go to court for any reason, we can use a copy, filmed or electronic, of any periodic statement, this Agreement, or any other document to prove what you owe us or that a transaction has taken place. The copy, microfilm, microfiche, or optical image will have the same validity as the original. You agree that, except to the extent you can show there is a billing error, your most current periodic statement is the most reliable evidence of your obligation to pay.

**Severability.** If a court finds that any provision of this Agreement is not valid or should not be enforced, that fact by itself will not mean that the rest of this Agreement will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Agreement even if a provision of this Agreement may be found to be invalid or unenforceable.

**Acknowledgment and Amendments.** You understand and agree to the terms and conditions in this Agreement. You acknowledge that, subject to applicable laws, we have the right to change the terms and conditions of the Credit Line program. The terms of the Credit Line program may be changed whether or not authorized by agreement, in accordance with C. R. S. Section 5-3-408 and other applicable law. You also understand and agree that you may be subject to other agreements with us regarding transfer instruments or access devices which may access your Credit Line. Any person signing below may request a modification to this Agreement, and, if granted, the modification will be binding upon all signers. By signing this Agreement, you acknowledge that you have read this Agreement. You also acknowledge receipt of a completed copy of this Agreement, including the Fair Credit Billing Notice.

**BORROWER:**

X _____
TYRELL ANDERSON

(Page 8 of 8)

## VECTRA BANK COLORADO SIGNATURE AGREEMENT AND DISCLOSURE

Loan No: 11301447000410███              (Continued)                        Page 8

## BILLING ERROR RIGHTS

### YOUR BILLING RIGHTS

### KEEP THIS DOCUMENT FOR FUTURE USE

This notice tells you about your rights and our responsibilities under the Fair Credit Billing Act.

**What To Do If You Find A Mistake On Your Statement**

If you think there is an error on your statement, write us at

ZB, N.A. dba VECTRA BANK COLORADO
Consumer Loan Servicing
P.O. Box 1507
Salt Lake City, UT 84110-1507

or at the address listed on your statement.

In your letter, give us the following information:
- Account information: Your name and account number.
- Dollar amount: The dollar amount of the suspected error.
- Description of problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us:
- Within 60 days after the error appeared on your statement.
- At least 3 business days before an automated payment is scheduled, if you want to stop payment on the amount you think is wrong.

You must notify us of any potential errors in writing. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

**What Will Happen After We Receive Your Letter**

When we receive your letter, we must do two things:
1. Within 30 days of receiving your letter, we must tell you that we received your letter. We will also tell you if we have already corrected the error.
2. Within 90 days of receiving your letter, we must either correct the error or explain to you why we believe the bill is correct.

While we investigate whether or not there has been an error:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

After we finish our investigation, one of two things will happen:
- If we made a mistake: You will not have to pay the amount in question or any interest or other fees related to that amount.
- If we do not believe there was a mistake: You will have to pay the amount in question, along with applicable interest and fees. We will send you a statement of the amount you owe and the date payment is due. We may then report you as delinquent if you do not pay the amount we think you owe.

If you receive our explanation but still believe your bill is wrong, you must write to us within 10 days telling us that you still refuse to pay. If you do so, we cannot report you as delinquent without also reporting that you are questioning your bill. We must tell you the name of anyone to whom we reported you as delinquent, and we must let those organizations know when the matter has been settled between us.

If we do not follow all of the rules above, you do not have to pay the first $50 of the amount you question even if your bill is correct.

LaserPro, Ver. 16.4.10.054 Copr. D+H USA Corporation 1997, 2017. All Rights Reserved. - CO C:\CFI\LPL\D25 FC TR-429632 PR-218

*11301447000410[redacted]_3058694_CONTR*

# DISBURSEMENT REQUEST AND AUTHORIZATION

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $15,000.00 | 04-12-2017 | | *** | 0001 | 1447-410[redacted] | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** TYRELL ANDERSON
5320 BUNK HOUSE LN
COLORADO SPRINGS, CO 80917

**Lender:** ZB, N.A. dba VECTRA BANK COLORADO
COLORADO SPRINGS BRANCH
111 SOUTH TEJON, SUITE 103
COLORADO SPRINGS, CO 80903

---

**LOAN TYPE.** This is a Variable Rate Disclosable Open-end Line of Credit Loan to an Individual with a Credit Limit of $15,000.00.

**PRIMARY PURPOSE OF LOAN.** The primary purpose of this loan is for:

- [X] **Personal, Family, or Household Purposes or Personal Investment.**
- [ ] **Business (Including Real Estate Investment).**

**SPECIFIC PURPOSE.** The specific purpose of this loan is: SIGNATURE LINE OF CREDIT .

**DISBURSEMENT INSTRUCTIONS.** I understand that no loan proceeds will be disbursed until all of Lender's conditions for making the loan have been satisfied. Please disburse the loan proceeds of $15,000.00 as follows:

| | |
|---|---|
| **Undisbursed Funds:** | $15,000.00 |
| **Credit Limit:** | $15,000.00 |

**FEES PAID IN CASH.** I have paid or will pay in cash as agreed the following fees:

| | |
|---|---|
| **Setup and Maintenance Fees Paid In Cash:**<br>$75.00 Origination Fee | $75.00 |
| **Total Fees Paid In Cash:** | $75.00 |

**WAIVER OF DEFENSES AND RELEASE OF CLAIMS. The undersigned hereby (i) represents that neither the undersigned nor any affiliate or principal of the undersigned has any defenses to or setoffs against any Indebtedness or other obligations owing by the undersigned, or by the undersigned's affiliates or principals, to Lender or Lender's affiliates (the "Obligations"), nor any claims against Lender or Lender's affiliates for any matter whatsoever, related or unrelated to the Obligations, and (ii) releases Lender and Lender's affiliates, officers, directors, employees and agents from all claims, causes of action, and costs, in law or equity, known or unknown, whether or not matured or contingent, existing as of the date hereof that the undersigned has or may have by reason of any matter of any conceivable kind or character whatsoever, related or unrelated to the Obligations, including the subject matter of this Agreement.** The foregoing release does not apply, however, to claims for future performance of express contractual obligations that mature after the date hereof that are owing to the undersigned by Lender or Lender's affiliates. As used in this paragraph, the word "undersigned" does not include Lender or any individual signing on behalf of Lender. The undersigned acknowledges that Lender has been induced to enter into or continue the Obligations by, among other things, the waivers and releases in this paragraph.

**ERRORS AND OMISSIONS.** Borrower hereby agrees that it will, within ten (10) days of a request by Lender, comply with any request by Lender to correct documentation errors, omissions or oversights, if any, that occur in any documentation relating to this loan.

**DISPUTE RESOLUTION ACKNOWLEDGEMENT.** Borrower has read the Dispute Resolution provisions in the Loan Documents, which contain an arbitration clause, jury waiver, and a class action waiver, and Borrower understands and agrees to them.

**FINANCIAL CONDITION. BY SIGNING THIS AUTHORIZATION, I REPRESENT AND WARRANT TO LENDER THAT THE INFORMATION PROVIDED ABOVE IS TRUE AND CORRECT AND THAT THERE HAS BEEN NO MATERIAL ADVERSE CHANGE IN MY FINANCIAL CONDITION AS DISCLOSED IN MY MOST RECENT FINANCIAL STATEMENT TO LENDER. THIS AUTHORIZATION IS DATED APRIL 12, 2017.**

**BORROWER:**

X ______________________________
TYRELL ANDERSON

(Page 2 of 2)

## DISBURSEMENT REQUEST AND AUTHORIZATION

**Loan No: 11301447000410**[REDACTED]     **(Continued)**     **Page 2**

### CREDIT INSURANCE DISCLOSURE

**VOLUNTARY CREDIT INSURANCE. CREDIT LIFE INSURANCE, CREDIT DISABILITY INSURANCE AND INVOLUNTARY UNEMPLOYMENT INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT.**

By signing below, I acknowledge that I am not obtaining credit insurance for this loan for one of the following reasons:
- (A) I am not eligible for credit insurance;
- (B) Credit insurance is not available from Lender; or
- (C) If I am eligible and credit insurance is available from Lender, I do not want it.

Prior to signing this Credit Insurance Notice on **April 12, 2017,** I read and understood all of the provisions of this Disclosure.

**BORROWER:**

X _____
TYRELL ANDERSON

LaserPro, Ver. 16.4.10.054 Copr. D+H USA Corporation 1997, 2017. All Rights Reserved. - CO C:\CFI\LPL\I20.FC TR-429652 PR-218