IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 26–cv–00587–MDB

TYRELL ANDERSON,

Plaintiff,

v.

CAPITAL ONE, NA, and
ZIONS BANCORPORATION, N.A. d/b/a VECTRA BANK,

Defendants,

ZIONS BANCORPORATION, N.A. d/b/a VECTRA BANK,

Counter Claimant,

v.

TYRELL ANDERSON
Counter Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant/Counterclaimant Zions Bancorporation, N.A. D/B/A Vectra Bank's Motion to Strike Jury Demand. ([“Motion”], Doc. No. 58.) Plaintiff filed a response noting “limited” opposition to the Motion. (Doc. No. 73.) Defendant Zions Bancorporation [“Zions”] has not filed a reply and the time to do so has lapsed. After reviewing the Motion, briefing, and relevant law, the Court **ORDERS** that the Motion is **GRANTED**.

**SUMMARY FOR SELF-REPRESENTED PLAINTIFF**

The Court is granting Zions' request to strike the jury demand. The decision below makes clear, per your request, that this decision has no impact on the jury demand associated with the claims against Capital One. It also does not impact your ability to oppose a motion to arbitrate. The Court also does not take a position on the merits of any claim, defense, or allegation in this case. This is only a summary of the Court's decision. The full decision is set forth below.

**ANALYSIS**

Plaintiff initiated this action on January 20, 2026 (Doc. No. 1-1), and it was removed to federal court on February 13, 2026. (Doc. No. 1.) Plaintiff asserts claims under the Fair Credit Reporting Act and Colorado Consumer Protection act in connection with the alleged furnishing of false or misleading credit information to the credit rating agencies. (*See generally* Doc. No. 6.) Plaintiff has reached settlements with certain Defendants (Doc. Nos. 35; 57; 67), but has not settled with Zions or Capital One. Zions has asserted a counterclaim against Plaintiff, alleging non-payment of a loan obligation. (Doc. No. 47 at 10–13.)

In the instant Motion, Zions asks the Court to strike Plaintiff's demand for a jury trial. (Doc. No. 58; *see* Doc. No. 6.) Zions points to a provision in the parties' loan agreement that states, "[e]ach party waives its, his or her respective rights to have Disputes resolved by a jury trial," and "[a]ll Disputes shall be resolved by a judge sitting without a jury[.]" (Doc. No. 58 at 3 (quoting ECF 47-1 at 5).) In his response, Plaintiff states that he "does not oppose a bench trial solely as to his claims against [Zions] and Zions' counterclaim against him." (Doc. No. 73 at 1.) However, Plaintiff "does not withdraw his jury demand as to Capital One, N.A. or consent to

striking that demand" and "requests that any order granting [Zions' Motion] expressly limit its scope to the claims and counterclaim between Plaintiff and Zions."[1] (*Id.* at 2.)

Jury waivers are accepted in this District. *See, e.g.*, *Woodward, Inc. v. ZHRO Sols., LLC*, 2019 WL 1438076, at *1 (D. Colo. Mar. 31, 2019). Moreover, here, Plaintiff does not oppose Zions' request. Accordingly, the Court will grant Zions' Motion. Any trial regarding Plaintiff's claims against Zions or Zions' counterclaim will be a bench trial. The Court notes that through this Order, it does not take a position on the validity of any claim, defense, or allegation in this case. Additionally, this Order has no impact on Plaintiff's jury demand with regard to his claims against Capital One, nor does it impact Plaintiff's ability to oppose any motion to arbitrate.

**CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Defendant/Counterclaimant Zions Bancorporation, N.A. D/B/A Vectra Bank's Motion to Strike Jury Demand (Doc. No. 58) is **GRANTED**. Plaintiff's jury demand regarding his claims against Zions is **stricken**, and any trial regarding Plaintiff's claims against Zions or Zions' counterclaim will be a bench trial. It is further

**ORDERED** that the parties are directed to file a renewed proposed scheduling order by **December 4, 2026**.

[1] Plaintiff also states that his response is not an admission of "any alleged debt, amount owed, default, liability, or factual allegation underlying Zions' counterclaim" and that his response "does not constitute consent to arbitration or a waiver of Plaintiff's objections to any future request to compel arbitration." (Doc. No. 73 at 2.)

Dated this 13th day of November, 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge